**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL PRESTON, on behalf of himself and all others similarly situated,** | ) | Case No. 1:17-cv-03549 |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | The Honorable Harry D. Leinenweber |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERICAN HONDA MOTOR COMPANY, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 8, 9(b), AND 12(b)(6) AND/OR MOTION TO TRANSFER ACTION TO
THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

---

Livia M. Kiser (6275283)
**SIDLEY AUSTIN LLP**
lkiser@sidley.com
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7247
Fax: (312) 853-7036

Michael L. Mallow
Mark D. Campbell (*pro hac vice pending*)
Darlene M. Cho (*pro hac vice pending*)
**SIDLEY AUSTIN LLP**
mmallow@sidley.com
mcampbell@sidley.com
dcho@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

*Counsel for Defendant American Honda Motor Co., Inc.*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................2

I.     Allegations in Plaintiff's Complaint ...........................................................................2

ARGUMENT ........................................................................................................................3

II.    Plaintiff's Claims Are Legally Infirm and Should be Dismissed Pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ...................................3

     A.     Applicable Standards Under Rules 8(a), 9(b) and 12(b)(6) .....................................3

     B.     Plaintiff's Claims Should Be Dismissed Because the Complaint Fails to Provide AHM with Fair Notice of the Parts or Components at Issue......................4

     C.     Plaintiff's Claim for Violation of the ICFA Fails .....................................................5

     D.     Plaintiff's Claim for Breach of the Limited 3-year/36,000-mile NVLW Fails Because Plaintiffs Have Alleged a Design Issue ...............................................7

     E.     "Acts of Nature" Exclusion in NVLW Bars Plaintiff's Claims for Breach of Express Warranty and for Breach of the Implied Warranty of Merchantability ........................................................................................................9

     F.     Plaintiff's Claim for Breach of the Implied Warranty of Merchantability Fails for Lack of Vertical Privity ..............................................................................10

     G.     Plaintiff's Magnuson-Moss Claim Fails ................................................................10

III.    The Court Should Transfer this Action to the Central District of California ...................11

     A.     Venue and Jurisdiction are Proper in the Transferee District ................................11

     B.     Interest of Justice ...................................................................................................12

     C.     Convenience of Parties and Witnesses ..................................................................13

           1.     Plaintiffs' Choice of Forum Merits Little Deference................................13

           2.     The Situs of the Material Events is in California.......................................14

           3.     Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer ...............................................................................................14

           4.     Relative Convenience of Parties and Non-Party Witnesses .....................14

CONCLUSION.................................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AnchorBank, FSB v. Hofer,*
 649 F.3d 610 (7th Cir. 2011) ................................................. 5

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ........................................................... 3, 4

*Baker v. Home Depot USA, Inc.,*
 No. 11 C 6768, 2013 WL 271666 (N.D. Ill. Jan. 24, 2013) .................... 6

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007) ........................................................... 3

*In re Benzene Litig.,*
 No. 05C-09-020-JRS, 2007 WL 625054 (Del. Super. Feb. 26, 2007) ............. 4

*Biomet, Inc. v. Stryker Howmedica Osteonics Corp.,*
 03 C 6491, 2004 WL 769358 (N.D. Ill. Apr. 9, 2004) ......................... 11

*Brownmark Films, LLC v. Comedy Partners,*
 682 F.3d 687 (7th Cir. 2012) ............................................... 7

*Bruce Martin Constr. v. CTB, Inc.,*
 735 F.3d 750 (8th Cir. 2013) ............................................... 7

*Cali v. Chrysler Group LLC,*
 No. 10 CIV. 7606 JSR, 2011 WL 383952 (S.D.N.Y. Jan. 18, 2011), *aff'd* 426
 Fed. Appx. 38 (2d Cir. Aug. 30, 2011) ..................................... 7

*Camasta v. Jos. A. Bank Clothiers, Inc.,*
 761 F.3d 732 (7th Cir. 2014) ............................................. 5, 6

*Coba v. Ford Motor Co.,*
 No. 12-1622 (KM) (MAH), 2016 WL 5746361 (D.N.J. Sept. 30, 2016) .......... 8, 9

*Coffey v. Van Dorn Iron Works,*
 796 F.2d 217 (7th Cir. 1986) ............................................ 11, 12

*Consolidated Papers, Inc. v. Dorr-Oliver, Inc.,*
 153 Wis. 2d 589 (Ct. App. 1989) ........................................... 9

*Creighton v. Metlife, Inc.,*
 No. 15 C 4121, 2015 WL 5081600 (N.D. Ill. Aug. 27, 2015) ................. 13

*Daugherty v. Am. Honda Motor Co.*,
    144 Cal. App. 4th 824 (2006) ........................................................................10

*De Bouse v. Bayer AG*,
    922 N.E.2d 309 (Ill. 2009) .......................................................................5, 6

*De Falco v. Vibram USA, Inc.*,
    No. 12 C 7238, 2013 WL 1122825 (N.D. Ill. Mar. 18, 2013) ..............................12

*Duncan Place Owners Assn. v. Danze, Inc.*,
    No. 15 C 01662, 2016 WL 3551665 (N.D. Ill. June 30, 2016) ............................10

*El Zarape Tortilla Factory, Inc. v. Plant Food Corp.*,
    90 Cal. App. 2d 336 (1949) .........................................................................10

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*,
    128 F.3d 1074 (7th Cir. 1997) ......................................................................3

*Gertz v. Toyota Motor Corp.*,
    No. CV 10-1089 PSG, 2011 WL 3681647 (C.D. Cal. Aug. 22, 2011), *aff'd*
    *sub nom. Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668 (9th Cir. 2013) ................7, 8, 9

*Greenberger v. GEICO Gen. Ins. Co.*,
    631 F.3d 392 (7th Cir. 2011) .......................................................................6

*Hawkins v. Gerber Products Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) .........................................................12

*Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp.*,
    No. 08 C 3634, 2008 WL 3889947 (N.D. Ill. Aug. 20, 2008) ............................13

*Hope Fam. Vineyards Pty, Ltd. v. Hope Wine, LLC*,
    No. 08 C 3246, 2008 WL 4866014 (N.D. Ill. July 11, 2008) ............................13

*Ibarolla v. Nutrex Research, Inc.*,
    No. 12 C 4848, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012) ............................7

*Jaramillo v. DineEquity, Inc.*,
    664 F. Supp. 2d 908 (N.D. Ill. 2009) .......................................................13, 14

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
    342 U.S. 180 (1952)...................................................................................12

*Kyle v. Morton High Sch.*,
    144 F.3d 448 (7th Cir. 1998) .......................................................................4

*Mack Trucks, Inc. v. Borg Warner Turbo Sys., Inc.*,
    508 Fed. Appx. 180 (3d Cir. 2012) ...............................................................7

*Magellan Intern. Corp. v. Salzgitter Handel GmbH*,
  76 F. Supp. 2d 919 (N.D. Ill. 1999) ...................................................................7

*Monticello v. Winnebago Indus. Inc.*,
  369 F. Supp. 2d 1350 (N.D. Ga. 2005) ..............................................................10

*Nelson v. Nissan N.A., Inc.*,
  No. 11-5712, 2014 WL 7331075 (D.N.J. Dec. 19, 2014)...................................8, 9

*Orthoflex, Inc. v. Thermotek, Inc.*,
  No. 10-CV-1875, 2010 WL 5069700 (N.D. Ill. Dec. 3, 2010)............................14

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust. v. Walgreen Co.*,
  631 F.3d 436 (7th Cir. 2011) ...............................................................................5

*Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*,
  626 F.3d 973 (7th Cir. 2010) .........................................................................11, 12

*Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*,
  572 F. Supp. 1210 (N.D. Ill. 1983) .....................................................................12

*Rosen v. Spirit Airlines, Inc.*,
  152 F. Supp. 3d 1055 (N.D. Ill. 2015) ............................................................11, 13

*Royal v. Cook*,
  984 So. 2d 156 (La. Ct. App. 2008).......................................................................1

*Schiesser v. Ford Motor Co.*,
  No. 16 C 730, 2016 WL 6395457 (N.D. Ill. Oct. 28, 2016)..................................6

*Schiesser v. Ford Motor Co.*,
  No. 16 C 730, 2017 WL 1283499 (N.D. Ill. Apr. 6, 2017)..................................10

*Schwebe v. AGC Flat Glass N.A., Inc.*,
  No. 12 C 9873, 2013 WL 2151551 (N.D. Ill. May 16, 2013) .............................5, 7

*Stavropoulos v. Hewlett-Packard Co.*,
  No. 13 C 5084, 2014 WL 2609431 (N.D. Ill. June 9, 2014) ...............................5, 6

*Thorpe Design, Inc. v. Viking Corp.*,
  No. 15-CV-03324-EDL, 2015 WL 5440792 (N.D. Cal. Sept. 15, 2015) ............5, 8

*Tillman v. Taro Pharm. Industries Ltd.*,
  10-CV-04202, 2011 WL 3704762 (N.D. Ill. Aug. 17, 2011) ................................7

*Voelker v. Porsche Cars N.A., Inc.*,
  353 F.3d 516 (7th Cir. 2003) ..........................................................................7, 10

v

*Wiegel v. Stork Craft Mfg.*,
  946 F. Supp. 2d 804 (N.D. Ill. 2013) ................................................................6

*Wilhelmsen v. JC Plumbing & Heating*,
  No. 05-C-170, 2008 N.H. Super. LEXIS 123 (N.H. Super. Ct. Jan. 23, 2008) ......................9

*Zaro v. Maserati N.A., Inc.*,
  No. 07 C 3565, 2007 WL 4335431 (N.D. Ill. Dec. 6, 2007) ...................................10

**Statutes**

810 ILCS 5/2-313(1)(a) ....................................................................................7

28 U.S.C. § 1391(b) ......................................................................................11

28 U.S.C. § 1404(a) ...............................................................................2, 11, 12

Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ..................................................11

Ill. Comp. Stat. Ann. 5/2-317 .........................................................................9

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1
  *et seq.* .............................................................................................2, 5, 6, 7

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ..........................................2, 10, 11

**Other Authorities**

Federal Rule of Civil Procedure Rule 8(a) ........................................................1, 3, 4

Federal Rule of Civil Procedure Rule 9(b) ...........................................................3, 5

Federal Rule of Civil Procedure Rule 12(b)(6).......................................................3, 7

## INTRODUCTION

Approximately 17 months after he leased his 2015 Honda Accord, Plaintiff Michael Preston ("Plaintiff") alleges he experienced a complete loss of power in the power steering. He took his vehicle to a Honda dealer.[1] The Honda dealer purportedly determined that "electrical wiring . . . had been chewed and/or eaten." Plaintiff claims without any factual basis that the chewed wires resulted from the wiring being "covered with soy-based material," which he speculates is more attractive to rodents than wiring that is not insulated with soy-based material.

But Plaintiff alleges no *facts* supporting the bedrock premises of his complaint that would entitle him to recovery. He does not plead that the electrical wiring in his vehicle chewed through by rodents was actually covered with soy-based materials. Nor does he plead any facts supporting his belief that soy-based wiring insulation is somehow more susceptible to rodent chewing than non-soy-based insulation. Nor does Plaintiff plead facts that, if proven, would demonstrate AHM is legally responsible for the rodents' quintessentially rodent behavior.[2] He doesn't even plead valid basis for warranty coverage (there is no basis).

To the extent Plaintiff's claims concern "electrical wiring" other than the specific part damaged in Plaintiff's vehicle, Plaintiff fails to provide AHM with fair notice, as required under Rule 8(a), regarding which parts and components in 2013-2017 model year Honda vehicles are purportedly "defective" because they contain soy-based insulation. Moreover, as detailed below,

---

[1] Honda dealers are entirely separate businesses from American Honda Motor Co., Inc. (AHM). They sell Honda vehicles to consumers and perform warranty work, for which they are reimbursed by AHM.

[2] Rodents chewing through vehicle wiring and other engine components is not a new phenomenon or in any sense unique to vehicles that incorporate soy-based wiring, as rodents have long chewed engine wires. It is a well-known fact that rodents habitually gnaw to control the growth of their teeth, and are known to gnaw on virtually every hard surface including wood, sheetrock and electrical wiring. *See Royal v. Cook*, 984 So. 2d 156, 163 (La. Ct. App. 2008) ("This court takes judicial notice that rodents can gnaw through wood, electrical wiring, sheetrock, et cetera,..."). The Modern Latin word "Rodentia" is derived from "rodens," present participle of "rodere" – "to gnaw," "eat away," "rodent (n.)." *See* Online Etymology Dictionary, *available at* http://www.etymonline.com (search "rodent") (last visited June 16, 2017).

Plaintiff's claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), breach of express warranty, breach of implied warranty, and for violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson-Moss") fail on independent grounds either as a matter of law or because Plaintiff has failed to allege sufficient facts to state viable claims.

In addition, or alternatively, AHM respectfully requests this Court transfer the action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). A parallel action captioned *McKown, et al. v. American Honda Motor Co., Inc.*, Case No. 2:17-cv-00204-R-JC, was filed on January 10, 2017, and thus has been pending more than six months.[3] The *McKown* class definition encompasses Plaintiff and the proposed class he seeks to represent. *See* Exhibit 1 *hereto*, ¶¶ 1 & fn. 1, 55. Moreover, in *McKown*, a motion to dismiss and a motion for class certification are already under submission to the Court. *See* Exhibit 2 *hereto*. Thus, even if the Court decides to address AHM's motion to dismiss on the merits, if the Court declines to dismiss Plaintiff's claims in their entirety, or Plaintiff is given a chance to re-plead, AHM asks the Court to transfer this action to the Central District of California.

## BACKGROUND

### I. Allegations in Plaintiff's Complaint

On or about June 23, 2015, Plaintiff leased a new 2015 Honda Accord from Muller Honda. Plaintiff's Class Action Complaint, ECF No. 1 ("Compl."), ¶ 7. In November of 2016, Plaintiff experienced a loss of power in the power steering. *Id.* ¶¶ 13-14. When Plaintiff took his Accord in for diagnosis, the service technician advised Plaintiff that the Accord's electrical

---

[3] *Dobbs, et al. v. American Honda Motor Co., Inc.*, Case No. 2:16-cv-00456-R-JC, was also filed in the Central District of California on January 21, 2016. *Dobbs* was the first of four actions in which Honda owners and lessees alleged that the electrical wiring in certain Honda vehicles are coated with soy-based insulation that are allegedly attractive to rodents and other animals. The *Dobbs* action was voluntarily dismissed by the plaintiffs on June 2, 2016.

2

wiring had been chewed and/or eaten. *Id.* ¶ 15. The dealer further informed Plaintiff that the repair was not covered under the new vehicle limited warranty per its terms. *Id.* ¶ 16. Plaintiff alleges that "Honda had covered" the electrical wiring in his vehicle "with soy-based material," *id.* ¶ 15, but alleges *no actual facts* to support that assertion (not even that he was told that by anyone). Rather, Plaintiff simply contends that because AHM sells a product called "Tape, Rodent," that necessarily proves the vehicles contain soy insulation and that AHM was obligated but failed to "dissuade hungry animals" from eating Plaintiff's car.

On these facts, Plaintiff purports to bring this lawsuit on behalf of all Illinois residents who in the four years prior to the filing of this action purchased or leased a new 2013-2017 Honda vehicles "which were manufactured using soy-based content as insulation for the vehicle's electrical wiring." *Id.* ¶¶ 18-19, 30.

## ARGUMENT

## II. Plaintiff's Claims Are Legally Infirm and Should be Dismissed Pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure

### A. Applicable Standards Under Rules 8(a), 9(b) and 12(b)(6)

A complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In determining whether a complaint states a claim upon which relief may be granted, the Court may "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Even under Rule 8(a) "[t]hreadbare recitals of the elements of a cause of action … do not suffice." *Id.*

3

**B.    Plaintiff's Claims Should Be Dismissed Because the Complaint Fails to Provide AHM with Fair Notice of the Parts or Components at Issue**

Plaintiff purports to bring this class action on his own behalf and on behalf of:

> [A]ll persons in the State of Illinois who, in the four years prior to the filing of this Complaint: (a) purchased or leased new 2013, 2014, 2015, 2016, and 2017 model year Hondas; (b) which were manufactured using soy-based content as insulation for the vehicle's electrical wiring; and (c) can be identified as having incurred a repair related to the soy-based wiring defect (through, for example, warranty claim documents or Honda-authorized dealer service center records).

Compl. ¶ 30. Plaintiff, however, fails to identify which "electrical wiring" in the dozens of different 2013-2017 Honda vehicles contain "soy-based content as insulation." (All? Some?)

Under Rule 8(a), AHM is entitled to fair notice of the claims against it and the grounds upon which they are based to enable it to craft a meaningful response to the Complaint and investigate Plaintiff's claims. *See Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998) (dismissing claims in wrongful termination case where deficient allegations frustrated the defendants' ability to investigate whether any speech or advocacy was protected). Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff's bare allegations of harm do not satisfy Rule 8.

For example, although Plaintiff alleges that some unspecified "electrical wiring" in his vehicle was chewed through by rodents, he fails to identify which part(s) rodents (allegedly) chewed. Presumably Plaintiff has paperwork reflecting which part or parts were replaced as a result of the chewing. Why does Plaintiff not aver a single fact identifying the so-called defective parts? Given Plaintiff's expansive class definition which implicates virtually every wire in every vehicle, without any well-pled facts concerning which ones purportedly are wrapped in soy-based insulation, Plaintiff has failed to give AHM fair notice of which parts are in issue, what information to gather in its own defense, and what discovery to seek from third parties. *See In re Benzene Litig.*, No. 05C-09-020-JRS, 2007 WL 625054, at *8 (Del. Super. Feb. 26, 2007)

("[D]efendants should not bear the burden of pouring through their inventory of products over many years, with little guidance from the plaintiffs, in order to track down potentially relevant products[.]"); *Thorpe Design, Inc. v. Viking Corp.*, No. 15-CV-03324-EDL, 2015 WL 5440792, at *2 (N.D. Cal. Sept. 15, 2015) (dismissing negligence and product liability claims where the complaint failed to specify which of the numerous different components and parts designed and manufactured by the defendant were at issue). Plaintiff's claims should be dismissed.

### C.    Plaintiff's Claim for Violation of the ICFA Fails

To state a claim under the ICFA, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception." *De Bouse v. Bayer AG*, 922 N.E.2d 309, 313 (Ill. 2009); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (quoting *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012)). Claims under the ICFA sound in fraud and must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *Camasta*, 761 F.3d at 738; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust. v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Under Rule 9(b), Plaintiff must allege the "who, what, when, where, and how" of claims sounding in fraud. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).

To state a viable ICFA claim based on a misrepresentation or omission, the plaintiff must allege "a communication from the defendant containing either a deceptive misrepresentation or omission." *Schwebe v. AGC Flat Glass N.A., Inc.*, No. 12 C 9873, 2013 WL 2151551, at *2 (N.D. Ill. May 16, 2013). Even when the ICFA claim is based solely on an omission (as it appears to be here), Plaintiff "must still point to the communication in which the omission occurred." *Stavropoulos v. Hewlett-Packard Co.*, No. 13 C 5084, 2014 WL 2609431, at *5 (N.D.

5

Ill. June 9, 2014); *De Bouse*, 922 N.E.2d at 316 (a plaintiff must show that they "receive[d], directly or indirectly, communication or advertising from the defendant").[4]

In this case, Plaintiff alleges *no facts* regarding any pre-sale communication from AHM whatsoever, much less facts identifying a specific misrepresentation or omission regarding the particular composition of wiring insulation in Plaintiff's (or any other) Honda vehicle. *See* Compl. ¶ 26;[5] *Schiesser v. Ford Motor Co.*, No. 16 C 730, 2016 WL 6395457, at *5 (N.D. Ill. Oct. 28, 2016) (dismissing claims where contents of alleged advertisements were not alleged); *Baker v. Home Depot USA, Inc.*, No. 11 C 6768, 2013 WL 271666, at *3 (N.D. Ill. Jan. 24, 2013) (plaintiff was required to allege facts to plausibly suggest that marketing statements reached Plaintiffs); *Stavropoulos,* 2014 WL 2609431, at * 5 (dismissing ICFA claim for failure to specify contents of communications or advertisements in which an omission allegedly occurred). Plaintiff's ICFA claims are thus insufficiently pled.

In addition, "an action for fraudulent concealment logically demands that defendants have prior knowledge of the information that they are alleged to have suppressed." *Wiegel v. Stork Craft Mfg.*, 946 F. Supp. 2d 804, 813-14 (N.D. Ill. 2013) (quoting *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 14 (Ill. App. Ct. 2001)). Here, Plaintiff has failed to sufficiently allege a cognizable "defect," much less AHM's knowledge of this alleged "defect"

---

[4] For purposes of a claim under the ICFA, the communication or representation upon which the claim is based must have occurred prior to sale. *See, e.g.*, *Camasta*, 761 F.3d at 737-38 ("A sales receipt provided to a consumer after a purchase cannot show what was supposedly advertised; the representation must have been made to him before the purchase of the merchandise.") (citing *Verb v. Motorola, Inc.*, 672 N.E.2d 1287, 1296 (Ill. App. Ct. 1996)).

[5] In Paragraph 26 of the Complaint, Plaintiff alleges he "relied on Defendant's product advertisements . . . regarding the length and duration of Defendant's new vehicle warranty" and "Defendant's statements or representations of general policy concerning customer satisfaction." Compl. ¶ 26. However, as a matter of law, such allegations, amounting to a claim that AHM breached its NVLW, are insufficient to state an ICFA claim. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (dismissing ICFA claim where it was based on a simple breach of contract and no distinct deceptive acts were alleged).

*prior to* June 23, 2015, when Plaintiff leased his vehicle from Muller Honda. *See* Compl. ¶ 7; *see Schwebe*, 2013 WL 2151551, at *4-5 (dismissing ICFA claim where plaintiffs did not plead manufacturer's knowledge prior to sale to Plaintiffs). The ICFA claims fail.

### D. Plaintiff's Claim for Breach of the Limited 3-year/36,000-mile NVLW Fails Because Plaintiffs Have Alleged a Design Issue[6]

AHM's limited 3-year/36,000-mile NVLW, which Plaintiff claims AHM breached, covers defects in "material or workmanship," not in design. *See* Compl. ¶ 12; *see also* Exhibit 3 *hereto*, at p. 9.[7] Illinois law is consistent with the laws of numerous states that hold a warranty covering defects in "material or workmanship," does not cover a design defect. *Voelker v. Porsche Cars N.A., Inc.*, 353 F.3d 516, 527 (7th Cir. 2003) (the plaintiff failed to state a claim for breach of express warranty insofar as he relied on the allegedly defective design of the airbag system).[8]

---

[6] It is unclear whether Plaintiff asserts a claim for breach of express warranty based on any other affirmation of fact. *See, e.g.*, Compl. ¶ 26, 55, 56. To the extent Plaintiff's claim is based on some other alleged express warranty, the claim fails because Plaintiff does not allege any affirmation of fact relating to the composition of insulation covering the electrical wiring in his vehicle. *See* 810 ILCS 5/2-313(1)(a); *Ibarolla v. Nutrex Research, Inc.*, No. 12 C 4848, 2012 WL 5381236, at *7 (N.D. Ill. Oct. 31, 2012) (dismissing express warranty claim where the complaint lacked sufficient allegations of a representation "(1) regarding a fact (that is, something that can be proven false); (2) of which the buyer is ignorant; and (3) that becomes part of the parties' bargain.") (citation omitted); *Tillman v. Taro Pharm. Industries Ltd.*, 10-CV-04202, 2011 WL 3704762, at *8 (N.D. Ill. Aug. 17, 2011) (dismissing express warranty claim because the plaintiff failed to allege when or how alleged misrepresentations about drug's risks were made).

[7] In deciding a Rule 12(b)(6) motion to dismiss, a court may consider "documents attached to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to his claim." *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). This Court may properly consider the entirely of the NVLW as being part of Plaintiff's pleadings on a Rule 12(b)(6) motion to dismiss. *See* Compl. ¶ 12; *Magellan Intern. Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 922 (N.D. Ill. 1999).

[8] *Gertz v. Toyota Motor Corp.*, No. CV 10-1089 PSG, 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011), *aff'd sub nom. Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668, 669 (9th Cir. 2013); *Bruce Martin Constr. v. CTB, Inc.*, 735 F.3d 750, 754 (8th Cir. 2013) (under Missouri law, "a design defect cannot also be a defect in material and workmanship"); *Mack Trucks, Inc. v. Borg Warner Turbo Sys., Inc.*, 508 Fed. Appx. 180, 184 (3d Cir. 2012) (rejecting argument that claims allegedly caused by design defects fell within the scope of the material and workmanship warranty); *Cali v. Chrysler Group LLC*, No. 10 CIV. 7606 JSR, 2011 WL 383952, at *2 (S.D.N.Y. Jan. 18, 2011) ("[T]he process of selecting and arranging the component parts of the Vehicle clearly implicates the Vehicle's design. The terms

Recognizing the great weight of authorities, including in this circuit, that compel the dismissal of Plaintiff's express warranty claim, Plaintiff pleads this action concerns "the material and/or workmanship used to coat the vehicles' electrical wiring." *See* Compl. ¶ 1. But this contention is not credible. The "defect" about which Plaintiff complains is one concerning an alleged *design* decision to incorporate soy-based materials in the insulation coating electrical wiring in *all* class vehicles, not that soy-based insulation can be used in cars provided installed or made properly. *See id.* ¶ 2 (alleging that "Honda made the decision to switch to soy-based insulation to cover the subject vehicles' electrical wiring"); ¶ 30. Stated differently, Plaintiff's claims do no relate to "how" AHM installed the alleged defective wiring (a defect in material or workmanship), but rather to the "why" AHM chose these wires over non-soy based wires (i.e., a defect in design).

Numerous courts have rejected similar attempts by plaintiffs to plead around applicable law by recasting a *design* decision to use an allegedly inferior material is a defect covered under a warranty to repair defects in "materials." *See, e.g.*, *Nelson v. Nissan N.A., Inc.*, No. 11-5712 JEI/AMD, 2014 WL 7331075, at *3 (D.N.J. Dec. 19, 2014) (damage attributable to use of allegedly inferior lead in bushings was not covered by "parts and materials" warranty because use of lead was common to every class vehicle and thus constituted a design issue); *Coba v. Ford Motor Co.*, No. 12-1622 (KM) (MAH), 2016 WL 5746361, at *10 (D.N.J. Sept. 30, 2016) (damage arising from coating used in all steel diesel fuel tanks that caused delamination was a design issue that was not covered under the defendant's express warranty); *Gertz v. Toyota Motor Corp.*, No. CV 10-1089 PSG, 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011) (given plaintiffs' allegations that the use of resin to construct fuel tanks was a purported "defect" that

---

'material,' 'workmanship,' or 'factory preparation,' on the other hand, refer to the mechanical process of implementing that design."), *aff'd* 426 Fed. Appx. 38 (2d Cir. Aug. 30, 2011).

existed in *all* putative class vehicles, the plaintiffs alleged a design defect that was not covered under a limited warranty for defects in "materials or workmanship"), *aff'd sub nom. Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668, 669 (9th Cir. 2013). As in *Nelson*, *Coba*, and *Gertz*, Plaintiff's claim for breach of the NVLW fails because Plaintiff actually claims AHM's alleged incorporation of soy-based insulation material is *itself* the defect, not that the material was somehow made or installed incorrectly. *See, e.g.*, Compl. ¶ 17.

> E.    **"Acts of Nature" Exclusion in NVLW Bars Plaintiff's Claims for Breach of Express Warranty and for Breach of the Implied Warranty of Merchantability**

Plaintiff's express warranty claim also fails because his allegations establish that the damage to his vehicle was caused by an act of nature, which is excluded under the express terms of the NVLW. *See* Exhibit 3 *hereto*, at p. 8 (stating that the "warranties in this booklet do not cover: [¶] The failure of any part or accessory due to: [¶] . . . acts of nature.") *Cf. Wilhelmsen v. JC Plumbing & Heating*, No. 05-C-170, 2008 N.H. Super. LEXIS 123, *4 (N.H. Super. Ct. Jan. 23, 2008) (describing damage caused to Jacuzzi insulation by rodent breech as an "act of nature").

For the same reason the NVLW does not cover wire damage caused by rodents, the implied warranty of merchantability does not cover the costs of such repairs. This is because under Illinois law, "[w]arranties whether express or implied shall be construed as **consistent** with each other" and "[e]xpress warranties displace **inconsistent** implied warranties other than an implied warranty of fitness for a particular purpose." 810 Ill. Comp. Stat. Ann. 5/2-317 (emphases added). Thus, the "acts of nature" exclusion in the NVLW precludes Plaintiff's claim for breach of the implied warranty of merchantability just as it precludes Plaintiff's express warranty claim. *See Consolidated Papers, Inc. v. Dorr-Oliver, Inc.*, 153 Wis. 2d 589, 601 (Ct. App. 1989) (dismissing claim for breach of the implied warranty of merchantability based on

corrosion damage because, pursuant to Wis. Stat. § 402.317(3), which is identical to 810 Ill.
Comp. Stat. Ann. 5/2-317(c), the "provision in the express warranty as to corrosion . . .
[overrode] any implied warranties of merchantability."); *cf. El Zarape Tortilla Factory, Inc. v.
Plant Food Corp.*, 90 Cal. App. 2d 336, 346-47 (1949) (where contract expressly warranted that
corn would be "#2 white corn – bulk," and such corn was not warranted as fit for human
consumption, an implied warranty that the corn was fit for human consumption could not arise).

### F. Plaintiff's Claim for Breach of the Implied Warranty of Merchantability Fails for Lack of Vertical Privity

Plaintiff alleges that he leased his 2015 Honda Accord at Muller Honda, not from AHM.
Compl. ¶ 7. Because Plaintiff does not allege privity with AHM, his implied warranty claim
fails. *See Duncan Place Owners Assn. v. Danze, Inc.*, No. 15 C 01662, 2016 WL 3551665, at *13
(N.D. Ill. June 30, 2016) (dismissing claim for breach of the implied warranty of merchantability
based on lack of vertical privity with manufacturer); *cf. Voelker v. Porsche Cars North America,
Inc.,* 353 F.3d 516 (7th Cir. 2003); *Zaro v. Maserati N.A., Inc.*, No. 07 C 3565, 2007 WL
4335431, at *3 (N.D. Ill. Dec. 6, 2007) (dismissing Magnuson-Moss claim for lack of privity).

### G. Plaintiff's Magnuson-Moss Claim Fails

The Magnuson-Moss Warranty Act authorizes civil actions by consumers to enforce the
terms of an implied or express warranty under state law. *Daugherty v. Am. Honda Motor Co*.,
144 Cal. App. 4th 824, 833 (2006). It requires the application of state warranty laws; it does not
create additional federal law protections or expand a plaintiff's rights under state warranty law.
*Monticello v. Winnebago Indus. Inc.*, 369 F. Supp. 2d 1350, 1356 (N.D. Ga. 2005); *Daugherty*,
144 Cal. App. 4th at 833. Because Plaintiff's state law warranty claims fail for the reasons
discussed above, Plaintiff's Magnuson-Moss claim necessarily fails as a matter of law and
should also be dismissed. *Schiesser v. Ford Motor Co.*, No. 16 C 730, 2017 WL 1283499, at *4

(N.D. Ill. Apr. 6, 2017) ("A claim under the Magnuson-Moss Warranty Act depends on the existence of a viable underlying state law warranty claim.").

## III.    The Court Should Transfer this Action to the Central District of California

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer venue under Section 1404(a) requires a weighing of factors for and against transfer and is committed to the sound discretion of the trial judge. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *see also Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010).

Among the factors courts must weigh for an action to be transferred to another venue are whether: (1) venue is proper in this District; (2) venue and jurisdiction are proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1059 (N.D. Ill. 2015). AHM does not challenge the first factor (venue is proper in this Court). But all of the other factors augur in favor of transfer.

### A.    Venue and Jurisdiction are Proper in the Transferee District

Jurisdiction and venue are proper in the Central District of California because AHM's principal place of business is located there and because, based on Plaintiff's allegations, it is the District in which a substantial part of the events and omissions giving rise to Plaintiff's claims occurred. *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, 03 C 6491, 2004 WL 769358, at *3 (N.D. Ill. Apr. 9, 2004); 28 U.S.C. § 1391(b); Declaration of Anthony Oborny ("Oborny Decl."), ¶¶ 2-8. Accepting Plaintiff's allegations as true, there would also be subject matter jurisdiction in the Central District of California pursuant to the Class Action Fairness Act, 28

11

U.S.C. § 1332(d)(2). *See* Compl. ¶ 4; *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). And, in fact, AHM is already litigating these claims in that court.

**B.      Interest of Justice**

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis . . . and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (internal citations omitted); *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *10 & n.9 (N.D. Ill. Mar. 18, 2013) (interest of justice factor determinative even if the convenience of parties and witnesses weighed against a transfer) (citing *Coffey*, 796 F.2d at 220).

The existence of an already-pending "mirror-image" suit is a key factor evaluated under 28 U.S.C. § 1404(a). *See Research Automation*, 626 F.3d at 982; *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). In determining whether a claim is duplicative for purposes of a transfer under section 1404, the Court must consider the substance of a claim over the form. *See De Falco*, 2013 WL 1122825, at *11. In *De Falco*, for example, the district court held that for transfer purposes, the claims asserted on behalf of Illinois consumers were duplicative of claims asserted by a plaintiff who filed an earlier putative nationwide class action purporting to represent consumers who purchased the same products despite the differing underlying state law. *Id.* Likewise, here, although Plaintiff purports to bring this action on behalf of Illinois residents under federal and Illinois law, the substance of the warranty and consumer claims Plaintiff asserts in this action is entirely duplicative of the claims asserted in *McKown*. As in *De Falco*, allowing staggered discovery and motion practice to proceed in two district courts will undoubtedly result in additional (and unnecessary) costs, duplicative document productions, depositions and briefing and completely undermine the public's interest in judicial economy. *See*

12

*De Falco*, 2013 WL 1122825, at *11; *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ("[A] federal suit may be dismissed for reasons of wise judicial administration, as a general rule, whenever it is duplicative of a parallel action already pending in another federal court.").[9] Thus, the interest of justice factor weighs strongly in favor of transfer to the Central District of California where *McKown* is pending.

### C. Convenience of Parties and Witnesses

In evaluating the convenience of one venue over another, a Court considers four factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses. *Rosen*, 152 F. Supp. 3d at 1059 (citing *Research Automation*, 626 F.3d at 978; *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 913-14 (N.D. Ill. 2009)).

### 1. Plaintiffs' Choice of Forum Merits Little Deference

In considering whether to transfer an action, the plaintiff's choice of forum is given some weight. *Creighton v. Metlife, Inc.*, No. 15 C 4121, 2015 WL 5081600, at *1 (N.D. Ill. Aug. 27, 2015) (citation omitted). However, a plaintiff's choice of forum is "merely one factor to consider and is not a controlling factor." *Id.* Moreover, where, as here, another forum has a stronger relationship to the dispute, *see* Sections III.C.2 & III.C.3 *infra*, a plaintiff's choice of forum is given less deference. *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (the plaintiff's choice of Illinois forum was given less deference where the main defendant was headquartered in Kansas and the majority of decisions regarding the subject matter of action

---

[9] According to the Federal Court Managements Statistics report for the annual period ending in December 31, 2016, *see* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf, the median time (in months) from filing to disposition and from filing to trial in civil cases was 5.0 months and 19.4 months, respectively, in the Central District of California. The median time from filing to disposition and from filing to trial in in the Northern District of Illinois, was 7.4 months and 40.4 months, respectively. Thus, this factor weighs in favor of transfer. *See Hope Fam. Vineyards Pty, Ltd. v. Hope Wine, LLC*, No. 08 C 3246, 2008 WL 4866014, at *3 (N.D. Ill. July 11, 2008) (shorter median time in months from filing to trial favored transfer to the Central District of California).

were made at the defendant's headquarters); *Hewitt Associates, L.L.C. v. Enron Creditors Recovery Corp.*, No. 08 C 3634, 2008 WL 3889947, at *4 (N.D. Ill. Aug. 20, 2008) ("A plaintiff's choice of forum is given less weight when another forum has a stronger relationship to the dispute.").

### 2.      The Situs of the Material Events is in California

Although Plaintiff resides in Illinois, AHM does not, and the situs of the material events is in California where AHM, the warrantor under the NVLW, is headquartered, and decisions regarding AHM's warranty policies were made. *See* Compl. ¶¶ 3, 12, 16, 26, 43, 70; Oborny Decl. ¶ 6. Thus, this factor weighs in favor of transfer. *Jaramillo*, 664 F. Supp. 2d at 914 (situs of materials events was where the main defendant was headquartered and marketing decisions were made, not where items were purchased by Plaintiffs).

### 3.      Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer

Similarly, because the focus of discovery concerns AHM's warranty policies, nearly all relevant documents are located in California. *See* Compl. ¶ 70; Oborny Decl. ¶ 9; *Jaramillo*, 664 F. Supp. 2d at 914-15 (factor weighed in favor of transfer where the focus of discovery concerned decision-making at a defendant's headquarters and plaintiffs failed to identify any evidence or potential witnesses besides Plaintiffs). This factor thus weighs in favor of transfer.

### 4.      Relative Convenience of Parties and Non-Party Witnesses

Regardless of where this case proceeds, one party will inevitably bear the burden of litigating in a distant forum. Plaintiff is a single person. AHM is a corporate and as such, will carry the burden on discovery. It is difficult to know precisely which Honda witnesses may have knowledge relevant to Plaintiff's claims in this case. Given the California-centric nature of AHM's operations, however, it is likely that many would reside in California. *Orthoflex, Inc. v.*

14

*Thermotek, Inc.*, No. 10-CV-1875, 2010 WL 5069700, at *4 (N.D. Ill. Dec. 3, 2010) ("One

consideration in the convenience of the parties analysis is the cost that parties must incur in

making their employees available for deposition and trial.") AHM also anticipates non-party

witnesses may include the manufacturers who supplied the "wiring" Plaintiff alleges was

covered with soy-based insulation. But because Plaintiff has not identified which component

parts are actually at issue in this action, AHM has not been able to determine which non-party

witnesses might be implicated in this action and whether such witnesses would be beyond the

subpoena power of the Central District of California or this Court. In any case, California is far

more convenient for AHM, the party bearing nearly all of the burden on discovery, including

witnesses.

## CONCLUSION

AHM requests that Plaintiff's claims be dismissed and/or the action be transferred to the

Central District of California. AHM requests such other, further relief the Court deems

appropriate.

Dated: June 16, 2017

Respectfully submitted,

By: */s/ Michael L. Mallow*

Livia M. Kiser (6275283)
**SIDLEY AUSTIN LLP**
lkiser@sidley.com
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7247
Fax: (312) 853-7036

Michael L. Mallow
Mark D. Campbell (*pro hac vice pending*)
Darlene M. Cho (*pro hac vice pending*)
**SIDLEY AUSTIN LLP**
mmallow@sidley.com
mcampbell@sidley.com
dcho@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Defendant American Honda Motor Co., Inc.*

15

**List of Attached Exhibits**

|  | **Date** | **Brief Description** |
|---|---|---|
| Exhibit 1 | 3/27/17 | First Amended Complaint in *McKown, et al. v. American Honda Motor Co., Inc.*, Case No. 2:17-cv-00204-R-JC |
| Exhibit 2 | 6/16/17 (printed date) | ECF/Pacer Docket in *McKown, et al. v. American Honda Motor Co., Inc.*, Case No. 2:17-cv-00204-R-JC |
| Exhibit 3 | n/a | 2015 Honda Accord New Vehicle Limited Warranty ("NVLW"), *available at http://owners.honda.com/Documentum/Warranty/ Handbooks/AWL50465.pdf* |

## CERTIFICATE OF SERVICE

I, Michael L. Mallow, one of the attorneys for Defendant American Honda Motor Co.,

Inc., certify that on the 16th day of June, 2017, I caused a copy of the foregoing document,

entitled, **DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MEMORANDUM IN**

**SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL**

**PROCEDURE 8, 9(b), AND 12(b)(6) AND/OR MOTION TO TRANSFER ACTION TO**

**THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**, to be

filed electronically with the Clerk of Court to be served by operation of the Court's electronic

filing system to all counsel of record as well as attorneys registered to receive such filings.


/s/ Michael L. Mallow
Michael L. Mallow
SIDLEY AUSTIN LLP
mmallow@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000